IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UHURU ROWE,

    Plaintiff,

v.                                              Civil Action No. 3:18-cv-780

HAROLD C. CLARKE, et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on the MOTIONS TO DISMISS of Defendants T. Darden, Gregory Holloway, Eddie Pearson, and Harold Clarke (the "Motion") (ECF No. 14).[1] For the reasons set forth below, the MOTIONS TO DISMISS (ECF No. 14) will be granted without prejudice and with leave to file a Second Amended Complaint.

**BACKGROUND**

Uhuru Rowe ("Rowe"), a Virginia state prisoner,[2] filed this action under 42 U.S.C. § 1983 against five Defendants, who are current or former employees of the Virginia Department of Corrections ("VDOC"). See generally AMENDED COMPLAINT (ECF No. 6).[3]

---

[1] Unless otherwise noted, these four Defendants will be referred to in this Opinion as the "Defendants."

[2] Rowe is currently incarcerated at Greensville Correctional Center ("Greensville") in Jarrat, Virginia. Am. Compl. ¶ 5 (ECF No. 6). Rowe was incarcerated at Sussex II State Prison ("Sussex II") when the alleged violation of his constitutional rights occurred.

[3] Rowe filed an initial COMPLAINT (ECF No. 1) on November 8,

According to the AMENDED COMPLAINT, Harold Clarke ("Clarke") is the Director of VDOC; T. Darden ("Darden") is the warden at Sussex II; M. Carpenter ("Carpenter") is an investigator at VDOC; Gregory Holloway[4] is the Eastern Regional Administrator for VDOC; and Eddie Pearson is the former warden at Greensville. See Am. Compl. ¶¶ 6-10. All five Defendants were sued in their individual capacities. See id.

Rowe asserts that he "is a politically conscious prisoner who, among other things, writes essays regarding prison life, often critical of the prison administration." Am. Compl. ¶ 11. Rowe alleges that two of these essays, "Sussex 2 State Prison is a Potemkin Prison" and "Life at Sussex 2 State Prison - Revisited" (hereinafter, the "essays") were censored pursuant to VDOC Operating Procedure 803.1, which pertains to Offender Correspondence. See id. ¶¶ 12-15.

---

2018. Subsequently, he filed what appears to be the same document on November 19, 2018 (ECF No. 6). While not entirely clear from the docket entry, it appears that counsel for Rowe may have improperly filed the initial COMPLAINT (ECF No. 1), and filed the AMENDED COMPLAINT (ECF No. 6) after speaking with the Clerk's office. In any event, the Court considers the operative Complaint in this case to be ECF No. 6.

[4] The AMENDED COMPLAINT refers to this Defendant as "George L. Halloway" or "Gregory Halloway," but the Defendants assert that Gregory Holloway is likely the party that Rowe intended to name. See, e.g., ECF No. 14 n.1. This Opinion refers to this Defendant as Gregory Holloway.

Specifically, Rowe alleges that the two essays were "inspected by Defendant Carpenter who recommended that they be censured [sic]"; that Rowe "grieved this censorship but was told both by the warden, Defendant Darden and then the regional director, Defendant Halloway [sic], simply that the grievance was unfounded as the conduct of prison officials was in conformity with OP 803.1"; that "[n]o other information was provided to Plaintiff regarding the reasons for the censorship"; and that the essays did not involve "escape plans, coded information, criminal activity or anything else that threatened the security or order of the prison." Am. Compl. ¶¶ 16-19. According to Rowe, the "only conceivable reason for the censorship of these two essays was a desire on the part of Defendants to prohibit criticism of their facility." Id. ¶ 20.

Rowe's claim is that the Defendants violated his First Amendment rights under the United States Constitution. See id. ¶¶ 21-24. He seeks a declaratory judgment that the censorship of these essays violated his First Amendment rights; a preliminary and permanent injunction against future censorship, unless the correspondence poses a threat to prison security or order; damages; and attorney's fees. See id. at 4 (prayer for relief).

Thereafter, four of the five Defendants—Darden, Holloway, Pearson, and Clarke—filed the MOTIONS TO DISMISS (ECF No. 14)

3

pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[5] The Court has considered the AMENDED COMPLAINT (ECF No. 6), the MOTIONS TO DISMISS (ECF No. 14), and the supporting and opposing memoranda thereto (ECF Nos. 15, 16, 17). The Court dispenses with oral argument because the facts and legal conclusions are adequately presented in the materials and oral argument would not aid in the decisional process. Thus, the matter is ripe for decision.

**THE STANDARDS GOVERNING FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

The Court recently set forth the well-established principles governing Rule 12(b)(1):

> A party may file a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). If a court finds that it does not have subject matter jurisdiction over the case or controversy, it must dismiss the action. Of course, the plaintiff bears the burden of establishing that federal jurisdiction is proper.
>
> Challenges to subject matter jurisdiction may be made in two ways. First, a facial challenge to jurisdiction may be made by arguing that the complaint does not allege facts that permit the exercise of federal subject matter jurisdiction. If that type of challenge is raised, the court must assume that all facts alleged in the complaint are true. Second, the challenge can be made under the theory that the complaint's assertion of subject matter

---

[5] The Motion does not address Defendant Carpenter, the VDOC official who is alleged to have recommended censorship of Rowe's essays. Counsel for Defendants states: Rowe's "allegations plainly state a claim against Carpenter for purposes of this Motion," and counsel does not seek dismissal of Carpenter at this stage. ECF No. 15 at 6.

4

> jurisdiction is not true. In that event, a court may consider evidence outside the pleadings.

Andrews v. Taylor, No. 3:17-cv-533, 2018 WL 2108022, at *2 (E.D. Va. May 7, 2018) (citation omitted).

And, motions to dismiss based upon Fed. R. Civ. P. 12(b)(6) are evaluated under the following standards:

> In [considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss], we must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party. To survive a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" A claim is "plausible on its face," if a plaintiff can demonstrate more than "a sheer possibility that a defendant has acted unlawfully."

Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." Rockville Cars, 891 F.3d at 145 (citation omitted). Notwithstanding those basic principles, however, the Court does not "accept as true a legal conclusion couched as a factual allegation." SD3, LLC v. Black & Decker (U.S.) Inc., 801 F.3d 412, 422 (4th Cir. 2015) (citation omitted). "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

**DISCUSSION**

For the reasons set forth below, the Motion will be granted under Fed. R. Civ. P. 12(b)(6) for failure to state a claim as to the four moving Defendants. The Motion will also be granted under Fed. R. Civ. P. 12(b)(1) as it pertains to Rowe's request for injunctive relief against the four moving Defendants. However, Rowe will be given an opportunity to file a Second Amended Complaint in perspective of this Opinion.

**A. Rowe Has Failed To State A Claim**

According to the Defendants, Rowe has "fail[ed] to allege adequate personal involvement [of all four moving Defendants] in any type of actionable constitutional claim," see ECF No. 15 at 8, because Darden and Holloway are only alleged to have been involved in denying Rowe's grievance, id. at 8-9, and Pearson and Clarke were improperly sued for injunctive relief in their "individual capacit[ies]." Id. at 9-10. In response, Rowe argues that he did allege sufficient involvement of Defendants Darden and Holloway because "Darden made the decision to censor the writings" and "Holloway reviewed and upheld that very decision." ECF No. 16 at 2. Rowe also concedes that "Defendants are correct that the designation of Harold Clarke and Eddie Pearson should have been in

6

their official capacities" and that "[i]f plaintiff succeeds on this motion, he will move to amend the complaint to identity Harold Clarke as being sued in his official capacity." Id. at 1. And, Rowe asserts that he would add the new warden at Greensville because Pearson is no longer the warden. Id.

For a person to be liable under 42 U.S.C. § 1983[6] for violation of a federal constitutional right, "it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'" Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)); see also Gray v. Stolle, No. 3:11CV546, 2013 WL 4430915, *10 (E.D. Va. Aug. 16, 2013) (dismissing prisoner's First Amendment claim against a defendant where the prisoner "fail[ed] to establish any personal involvement of [the defendant] in the deprivation of his First Amendment rights"). And, as set forth above, under Fed. R. Civ. P. 12(b)(6), factual allegations must be accepted as true and must state a "plausible" claim for relief. See, e.g., Rockville Cars, 891 F.3d at 145.

The AMENDED COMPLAINT is utterly devoid of any factual allegations against Clarke and Pearson. And, it certainly is

---

[6] Section 1983 is a procedural vehicle for seeking redress for violations of rights conferred by the federal constitution or federal statutes. Section 1983 confers no substantive rights.

7

devoid of factual allegations that either of them violated Rowe's First Amendment rights. Clarke is named only once in the AMENDED COMPLAINT (¶ 6) in the "PARTIES" section. There are no factual allegations against Clarke that establish his involvement in the alleged constitutional violation. The same is true for Pearson who, like Clarke, is only named in the "PARTIES" section of the AMENDED COMPLAINT (¶ 10). See, e.g., Magwood v. Heritage Tr. Fed. Credit Union, No. 2:09-2751-RMG-BM, 2010 WL 4622454, *1 (D.S.C. Nov. 4, 2010) (dismissing claim under Rule 12(b)(6) where "Plaintiff has set forth no factual allegations setting forth what the Defendant Heritage Trust is supposed to have done to give rise to a malicious prosecution claim"). Because there are no factual allegations against either Defendant Clarke or Pearson, there is no plausible claim for relief stated against them. There is no claim stated against Clarke or Pearson.

The only allegation in the AMENDED COMPLAINT against Darden and Holloway is that "Plaintiff grieved this censorship[7] but was told both by the warden, Defendant Darden and then the regional director, Defendant Halloway [sic], simply that the grievance was unfounded as the conduct of prison officials was in conformity

---

[7] Although Rowe describes the Defendants' actions as "censorship," his use of this term is a legal conclusion, which the Court need not take as true under Rule 12(b)(6). See, e.g., SD3, LLC v. Black & Decker (U.S.) Inc., 801 F.3d 412, 422 (4th Cir. 2015).

with OP 803.1." Am. Compl. ¶ 17. As the Defendants point out, the mere fact of denying a prison grievance does not establish a constitutional violation or Section 1983 claim. See, e.g., DePaola v. Ray, No. 7:12cv00139, 2013 WL 4451236, *8 (W.D. Va. July 22, 2013), report and recommendation adopted as modified by, DePaola v. Ray, 2013 WL 4453422 (W.D. Va. Aug. 16, 2013); Brown v. Virginia, No. 6:07-cv-33, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009); George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); cf. Booker v. South Carolina Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) ("An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process, for example.").

At least in the context of cases involving prisoner medical care claims, it is possible for officials not directly involved in the alleged constitutional violation to be put on sufficient notice of the violation that their failure to act can lead to a claim under Section 1983. See Vance v. Peters, 97 F.3d 987, 992-94 (7th Cir. 1996). However, here, the AMENDED COMPLAINT alleges no facts indicating that either Darden or Holloway were put on notice of an alleged First Amendment violation or that they somehow participated in it (only that they denied Rowe's grievance).[8]

---

[8] In his response brief, Rowe argues that "Warden Darden made the decision to censor the writings. . .and Regional Director Holloway reviewed and upheld that very decision." ECF No. 16 at 2. However, the AMENDED COMPLAINT merely asserts that "Plaintiff grieved this censorship but was told both by the warden, Defendant

9

Thus, the AMENDED COMPLAINT has not set forth sufficient factual allegations to establish a plausible claim for relief against Darden and Holloway.

For the reasons set forth above, the MOTIONS TO DISMISS of Defendants Darden, Holloway, Pearson, and Clarke (ECF No. 14) is granted under Fed. R. 12(b)(6).

### B. Motion Under Fed. R. Civ. P. 12(b)(1)

Additionally, the Defendants argue that Clarke and Pearson should be dismissed pursuant Fed. R. Civ. P. 12(b)(1) because Rowe does not have standing to seek injunctive relief against these Defendants. ECF No. 15 at 10-13. This is so, argue those Defendants, because "Rowe has not alleged facts that even come close to demonstrating that he is at risk of some sort of irreparable and immediate harm." Id. at 13. Rowe responds in cursory fashion that "[t]he deprivation of First Amendment rights constitutes irreparable injury as a matter of law" with no citation to authority. ECF No. 16 at 2. And, on principle that is correct.

A Motion to Dismiss for lack of standing is properly brought under Fed. R. Civ. P. 12(b)(1). See, e.g., Griffin v. Dep't of

---

Darden and then the regional director, Defendant Halloway [sic], simply that the grievance was unfounded." Am. Compl. ¶ 17. Despite the response brief's attempt to re-write the AMENDED COMPLAINT, it is clear that the AMENDED COMPLAINT's only allegation against Defendants Darden and Holloway stems from their denial of the prison grievance.

10

Labor Fed. Credit Union, 912 F.3d 649, 652-53 (4th Cir. 2019). And, to have standing for injunctive relief, Rowe must allege facts that establish a "real and immediate threat" that his writings will be "censored" again. See City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983); Bryant v. Cheney, 924 F.2d 525, 528-29 (4th Cir. 1991).

To begin, Rowe is no longer incarcerated at the facility where the alleged censorship occurred, and the AMENDED COMPLAINT is devoid of factual allegations that any of the four Defendants have censored his writings or will do so at the new facility. The AMENDED COMPLAINT alleges two past incidents (in 2018) of allegedly unconstitutional action by the Defendants while Rowe was incarcerated at Sussex II. See Am. Compl. ¶¶ 12-20. Rowe is now incarcerated at Greensville. Id. ¶ 5. There are no factual allegations that there is a "real and immediate threat" that Rowe's First Amendment rights are being or will be violated at Greensville. See Lyons, 461 U.S. at 105. At most, Rowe alleges that he "is a politically conscious prisoner who, among other things, writes essays regarding prison life, often critical of the prison administration." Id. ¶ 11. It is not at all clear from this statement whether Rowe continues to attempt to send his essays outside of the prison and whether he continues to face the "censorship" about which he complains. In short, this statement

does not establish any "real and immediate threat" to Rowe's First Amendment rights.

At bottom, the AMENDED COMPLAINT is devoid of factual allegations that establish Rowe's standing to seek injunctive relief against any of the four moving Defendants. Thus, the Motion is also granted under Fed. R. Civ. P. 12(b)(1) as it pertains to injunctive relief against these four Defendants.[9]

**C. Dismissal Is Without Prejudice And With Leave To Amend**

Whether to dismiss with prejudice is within the Court's discretion. See Carter v. Norfolk Cmty. Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir. 1985); Lokesh Babu Vuyyuru v. Wells Fargo Bank, No. 3:15CV598, 2016 WL 4059357, at *5 (E.D. Va. July 28, 2016). Dismissal with prejudice is appropriate where, for example, "amendment is futile." Lokesh, 2016 WL 4059357, at *5 (citation omitted).

In this case, amendment may not be futile. Prisoners, like Rowe, are not stripped of First Amendment protections by the mere fact of their imprisonment. See Pell v. Procunier, 417 U.S. 817, 822 (1974) (noting that prisoners "retain[] those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections

---

[9] As set forth below, Rowe may file a Second Amended Complaint in which he will have an opportunity to allege factual allegations that could establish standing for injunctive relief.

system"); Thornburgh v. Abbott, 490 U.S. 401, 411-14 (1989); see also Nolan v. Fitzpatrick, 451 F.2d 545, 551 (1st Cir. 1971) (prisoner has "a right to send letters to the press concerning prison management, treatment of offenders, or personal grievances except those which (a) contain or concern contraband or (b) contain or concern any plan of escape or device for evading prison regulations"). And here, Rowe alleges essentially that he has been silenced for attempting to speak out against prison conditions.

Accordingly, because Rowe may be able to plead a plausible claim for violation of his First Amendment rights, the MOTIONS TO DISMISS (ECF No. 14) will be granted without prejudice and with leave to file a Second Amended Complaint. However, counsel for Rowe is advised that any such Second Amended Complaint must contain sufficient factual allegations against any Defendants named in such Second Amended Complaint. Counsel's failure to provide the specificity required by Fed. R. Civ. P. 8 (as interpreted by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009), and their progeny) may result in sanctions pursuant to Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, the MOTIONS TO DISMISS (ECF No. 14) will be granted without prejudice and with leave to file a Second Amended Complaint.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 13, 2019

14