IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UHURU ROWE,

    Plaintiff,

v.                                    CASE NO.  3:18cv780

HAROLD W. CLARKE, *et al.*,

    Defendants.

# DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMTIVE DEFENSES TO SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), Defendants Harold W. Clarke, Michelle Carpenter, Natasha Perkerson, T.L. Birckhead, T. Darden, Tracy Ray, and Gregory L. Holloway ("Defendants"), by counsel, hereby submit their First Amended Answer and Affirmative Defenses to the Plaintiff's Second Amended Complaint (Dkt. No. 27).

    1.    Paragraph 1 states legal conclusions to which no response is required.

    2.    Paragraph 2 states legal conclusions to which no response is required.

    3.    Paragraph 3 states legal conclusions to which no response is required.

    4.    Paragraph 4 states legal conclusions to which no response is required.

    5.    The allegations in Paragraph 5 are admitted.

    6.    Defendants admit that Clarke is the Director of the Virginia Department of Corrections. The remaining allegations in Paragraph 6 state legal conclusions to which no response is required.

7. Defendants admit that Michelle Carpenter is an Institutional Investigator for VDOC and that she is assigned to work at Sussex II State Prison. The remaining allegations in Paragraph 7 state legal conclusions to which no response is required.

8. Defendants admit that Natasha Perkerson was an intelligence officer for VDOC who was assigned to work at Sussex II State Prison and that she reports to Defendant Carpenter. Defendants further admit that Perkerson's duties included, in part, the review of incoming and outgoing inmate mail at Sussex II State Prison. The remaining allegations in Paragraph 8 state legal conclusions to which no response is required.

9. Defendants admit that T.L. Birckhead was the Operations Manager at Sussex II State Prison. Defendants admit that her duties included, in part, review of incoming and outgoing inmate mail at Sussex II State Prison. The remaining allegations in Paragraph 9 state legal conclusions to which no response is required.

10. Defendants admit that T. Darden was the Assistant Warden at Sussex II State Prison. The remaining allegations in Paragraph 10 state legal conclusions to which no response is required.

11. Defendants admit that Tracy Ray was the Warden at Sussex II State Prison. The remaining allegations in Paragraph 11 state legal conclusions to which no response is required.

12. Defendants admit that Gregory Holloway was the Eastern Regional Administrator for VDOC. The remaining allegations in Paragraph 12 state legal conclusions to which no response is required.

13. The allegations in Paragraph 13 state legal conclusions to which no response is required.

14. Defendants lack sufficient information to admit or deny whether Rowe is a "politically conscious prisoner" but admit that he "writes essays regarding prison life, often critical of the prison administration."

15. Defendants admit that in the month of June 2018, Rowe sent multiple communications to persons outside of the prison by use of electronic communication. Defendants lack sufficient information to either admit or deny that, specifically, Rowe sent two "essays" on or about June 1, 2018, and thus this allegation is denied.

16. To the extent Paragraph 16 alleges Rowe sent a copy of the document at Exhibit A of the Second Amended Complaint by use of electronic communication while incarcerated at Sussex II State Prison, this allegation is denied.

17. To the extent Paragraph 17 alleges Rowe sent a copy of the document at Exhibit B of the Second Amended Complaint by use of electronic communication while incarcerated at Sussex II State Prison, this allegation is denied.

18. Defendants admit that DOC Operating Procedure ("OP") 803.1 states, "[a]ll offender correspondence, both incoming and outgoing, may be opened and inspected for contraband." Defendants further admit that OP 803.1 states, "[o]utgoing mail should not generally be searched unless there is a reason for suspicion."

19. Defendants admit that DOC OP 803.1 states, "[t]he Facility Unit Head may approve for designated staff to open, examine, and read any general correspondence sent from an offender when there is reasonable suspicion that it violates state or federal laws, is used to threaten the security of the facility, or that it contains property items that should be sent out in accordance with procedures governing packages."

20. Defendants deny that OP 803.1 contains the language referenced in Paragraph 20. To the extent a further response is required, Defendants lack sufficient information to admit or deny whether "the same rules" apply to written correspondence and electronic correspondence as stated in the remainder of Paragraph 20 and thus these allegations are denied.

21. Defendants Carpenter and Perkerson admit that, in or around early 2018, they learned Rowe had an internet blog. Defendants admit that "having an internet blog does not violate any VDOC rules." Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 21.

22. Defendant Carpenter admits she became suspicious of Rowe, in part, because of the existence of the blog.

23. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 23, and thus the allegations are denied.

24. Defendant Carpenter admits she: requested a "mail cover" from Defendant Ray; that Ray issued the "mail cover"; and that she could review Rowe's electronic communications. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 24, and thus the allegations are denied.

25. Defendants Carpenter and Perkerson admit that they reviewed some of Rowe's outgoing emails. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 25, and thus the allegations are denied.

26. Defendants Carpenter and Perkerson admit that they brought some of Rowe's emails to the attention of Defendant Birckhead. Defendant Birckhead denies that she directed that Rowe's emails be "censored." Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 26, and thus the allegations are denied.

27. Defendant Carpenter lacks sufficient information to either admit or deny the allegations in Paragraph 27.

28. Defendant Carpenter admits she reviewed a copy of the document attached to the Second Amended Complaint as Exhibit A and that to the best of her knowledge, no one at Sussex II State Prison interfered with this document when it was sent out via the United States Mail.

29. Defendants admit that Plaintiff submitted informal complaints and grievances about his communications beginning in or around June of 2018 and that Plaintiff's informal complaints and grievances referenced "censorship" and the First Amendment. However, without a reference to any specific date or reference number, Defendants lack sufficient information to admit or deny the allegation in Paragraph 29.

30. Defendants admit that, pursuant to OP 866.1, Offender Grievance Procedure, VDOC inmates must first attempt to resolve an issue via the use of an informal complaint. Defendants further admit that OP 866.1(V)(A) states in full: "The *Informal Complaint* procedure is an administrative process for offenders to resolve their issues informally with facility staff prior to submitting a formal grievance." Defendants admit that OP 866.1(V)(D) states in full: "Responses will be made in writing on the *Informal Complaint* form with the reasons for the response stated clearly. The *Informal Complaint* response should be returned to the office that logged it and the response forwarded to the offender."

31. Defendant Carpenter admits that she responded to one of Plaintiff's Informal Complaints using the language stated. However, without a reference to any specific informal complaint identified by date or reference number Defendant Carpenter lacks sufficient information to either admit or deny this particular allegation.

32. Defendants admit Rowe submitted regular grievances about the First Amendment. However, without a reference to any specific grievance identified by date or reference number, Defendants lack sufficient information to either admit or deny this particular allegation, and thus it is denied.

33. Defendants admit that OP 866.1(VI)(C)(1)(a) states in full: "The Facility Unit Head maintains the primary responsibility for providing responses to grievances at this level within the time limits specified. The Facility Unit Head may delegate authority to provide Level 1 Responses to the Assistant Facility Unit Head."

34. Defendant Darden admits that he responded to at least one of Plaintiff's Grievances using, in part, the language stated. However, without a reference to any specific grievance identified by date or reference number, Defendant Darden lacks sufficient information to either admit or deny this particular allegation.

35. Defendants admit that OP 866.1(VI)(C)(2) outlines a "Level II" appeal of grievances, and that, depending on the issue therein, the Regional Administrator may prepare a response. Defendant Holloway admits that he is the Regional Administrator of the Eastern Region of the Virginia Department of Corrections. However, without a reference to any specific grievance identified by date or reference number, Defendants lack sufficient information to either admit or deny this particular allegation.

36. Defendant Holloway admits that he used, in part, the language quoted in Paragraph 36. However, without a reference to any specific grievance identified by date or reference number, Defendant Holloway lacks sufficient information to either admit or deny this particular allegation, and thus it is denied.

37. The allegations of Paragraph 37 contain a legal conclusion to which no response is required. To the extent a response is required, Defendants lack sufficient information to either admit or deny the statement in Paragraph 37, and thus it is denied.

38. The allegations of Paragraph 38 contain a legal conclusion to which no response is required. To the extent a response is required, Defendants Carpenter and Perkerson lack sufficient information to either admit or deny the statement in Paragraph 37, and thus it is denied.

39. Defendant Carpenter admits that she responded to one of Plaintiff's Informal Complaints using the language stated. However, without a reference to any specific informal complaint identified by date or reference number, Defendant Carpenter lacks sufficient information to either admit or deny this particular allegation.

40. Defendant Darden admits that he responded to at least one of Plaintiff's Grievances using, in part, the language stated in Paragraph 40. However, without a reference to any specific grievance identified by date or reference number, Defendant Darden lacks sufficient information to either admit or deny this particular allegation.

41. Defendant Holloway admits that he used, in part, the language quoted in Paragraph 41. However, without a reference to any specific grievance identified by date or reference number, Defendant Holloway lacks sufficient information to either admit or deny this particular allegation.

42. Denied.

43. Denied.

44. Denied.

45. Paragraph 45 states legal conclusions to which no response is required.

46. Denied.

47. Paragraph 47 states legal conclusions to which no response is required.

48. Paragraph 48 states legal conclusions to which no response is required.

49. Paragraph 49 states legal conclusions to which no response is required.

50. Paragraph 50 states legal conclusions to which no response is required.

51. Paragraph 51 states legal conclusions to which no response is required.

52. Paragraph 52 states legal conclusions to which no response is required.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Defendants state as follows:

a. Defendants deny that they have violated Plaintiff's rights under the First Amendment to the United States Constitution and deny that he is entitled to the declaratory judgment he seeks.

b. Defendants deny that the Plaintiff is entitled to preliminary or permanent injunctive relief and submit that Plaintiff has failed to establish standing to entitle him to such relief.

c. Defendants deny that the Plaintiff is entitled to nominal or compensatory damages or to any type of damages in any amount.

d. Defendants deny that Plaintiff is entitled to attorney's fees and costs.

e. Defendants deny that the Plaintiff is entitled to any additional relief from this Court.

## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses to the Second Amended Complaint. Defendants will rely on any and all other properly available defenses to the Second Amended

Complaint which may arise from Plaintiff's prosecution of this action and reserve their right to amend these defenses if at any time they should be so advised.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants deny that Plaintiff has suffered any injury or damage as a result of action or omission upon the part of any of these Defendants.

## THIRD DEFENSE

Defendants deny that the allegations in the Complaint are cognizable under the First, Fourth, or Fourteenth Amendments, or any section or clause of the United States Constitution or any other federal law or regulation.

## FOURTH DEFENSE

Defendants deny that the Plaintiff has suffered the injuries and damages alleged and call for strict proof thereof.

## FIFTH DEFENSE

Defendants deny that they are indebted to or liable to Plaintiff in any sum whatsoever.

## SIXTH DEFENSE

Defendants are immune from suit based upon the Eleventh Amendment and upon the discharge of their official duties.

## SEVENTH DEFENSE

To the extent that Plaintiff has failed to allege any direct involvement on the part of any of the Defendants in any of the acts or omissions complained of, such claims must fail because *respondeat superior* is not available in an action under 42 U.S.C. § 1983.

### EIGHTH DEFENSE

To the extent that this claim alleges negligence on the part of the Defendants, the claim is barred in this Court by the Eleventh Amendment.

### NINTH DEFENSE

To the extent Plaintiff has not exhausted his administrative remedies, this action is barred, in whole or in part, under 42 U.S.C. § 1997e(a).

### TENTH DEFENSE

Defendants are entitled to good faith, Eleventh Amendment, sovereign, and/or qualified immunity.

### ELEVENTH DEFENSE

Defendants are immune, in their official capacities, from any request for punitive or compensatory damages.

### TWELFTH DEFENSE

To the extent that Plaintiff can make no showing of any physical injury accompanying or preceding any alleged emotional or mental injuries, his recovery of damages for any emotional injuries is barred under 42 U.S.C. § 1997e(e).

### THIRTEENTH DEFENSE

Defendants are immune, in their official capacities, from any request for retrospective injunctive or declaratory relief.

### FOURTEENTH DEFENSE

The Court's authority to award injunctive relief is constrained by the express terms of the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a)(1)(A) and Plaintiff's request for such relief exceeds that authority.

## FIFTEENTH DEFENSE

This Court's authority to award attorney's fees is constrained by the express terms of the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(d).

## SIXTEENTH DEFENSE

Plaintiff lacks standing to seek either preliminary or permanent injunctive relief.

## SEVENTEENTH DEFENSE

Plaintiff received legally sufficient procedural due process.

## EIGHTEENTH DEFENSE

In addition to the denials, admissions, or other responses above, Defendants allege the following facts in support of their defenses in this case:

1. Rowe hosts an internet blog titled "Conscious Prisoner."

2. The blog's web address is https://consciousprisoner.wordpress.com/. *See* CONSCIOUS PRISONER: THE EVOLUTION OF UHURU, https://consciousprisoner.wordpress.com (last visited August 2, 2019).

3. The blog is available for public viewing and does not require a subscription or any type of credentials before one can view its contents.

4. On or about July 19, 2018, Rowe – via his associates – posted a document to his blog titled "Sussex 2 State Prison is a Potemkin Prison." *See* Uhuru Rowe, *Sussex 2 State Prison is a Potemkin Prison*, CONSCIOUS PRISONER: THE EVOLUTION OF UHURU (July 19, 2018), https://consciousprisoner.wordpress.com/2018/07/19/sussex-2-state-prison-is-a-potemkin-prison/.

5. This blog post is substantially similar to the document attached to Rowe's Second Amended Complaint as Exhibit A.

6. At some time prior to July 19, 2018, Rowe sent the contents of Exhibit A to an attorney, who forwarded its contents to Rowe's associate(s), who then posted it to Rowe's public blog.

7. On or about July 16, 2018, Rowe – via his associates – posted a document to his blog titled "Life at Sussex 2 State Prison – Revisited." *See* Uhuru Rowe, *Life at Sussex 2 State Prison – Revisited,* CONSCIOUS PRISONER: THE EVOLUTION OF UHURU (July 16, 2018), https://consciousprisoner.wordpress.com/2018/07/16/life-at-sussex-2-state-prison-revisited/.

8. This blog post is substantially similar to the document attached to Rowe's Second Amended Complaint as Exhibit B.

9. At some time prior to July 16, 2018, Rowe sent the contents of Exhibit B to an attorney, who forwarded its contents to Rowe's associate(s), who then posted it to Rowe's public blog.

10. Rowe's public blog contains many entries criticizing prison staff, prison conditions, the Virginia Department of Corrections, and other aspects of incarceration in general.

11. Defendants in this case deny that they interfered with, intercepted, or restricted Rowe's dispatch of the two documents attached to the Second Amended Complaint as Exhibits A and B.

12. Rowe did not submit any grievances or informal complaints via the prison grievance procedure regarding any interference with the dispatch of the documents attached to the Second Amended Complaint as Exhibits A and B.

13. Because Rowe did not submit any grievances or informal complaints about any interference with the documents attached to the Second Amended Complaint as Exhibits

A and B, he failed to exhaust his administrative remedies based on any interference with the dispatch of these two documents and his claims are barred.

14. To the extent Defendants negligently or mistakenly intercepted, restricted, or otherwise interfered with Rowe's outgoing communications, such circumstances cannot support a claim for a violation of his constitutional rights.

15. Rowe did not submit any grievances or informal complaints via the prison grievance procedure regarding a violation of his rights to procedural due process.

16. Because Rowe did not submit any grievances or informal complaints via the prison grievance procedure regarding a violation of his rights to procedural due process, he failed to exhaust his administrative remedies as to this claim and the claim is barred as to all defendants.

17. The process Rowe received in response to his complaints about interference with his documents was lawfully adequate and met the legal requirements for minimum procedural safeguards.

18. Defendants deny any allegations not expressly admitted herein.

DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

    Respectfully submitted,

    HAROLD W. CLARKE, MICHELLE CARPENTER, NATASHA PERKERSON, T.L. BIRCKHEAD, T. DARDEN, TRACY RAY, and GREGORY L. HOLLOWAY

By:     s/Laura Maughan
    Laura Maughan, VSB#87798
    Assistant Attorney General
    Office of the Attorney General

Criminal Justice & Public Safety Division<br>
202 North 9th Street<br>
Richmond, Virginia 23219<br>
(804) 786-0030<br>
(804) 786-4239 (Fax)<br>
Email:  lmaughan@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of August, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing ("NEF") to the following: Jeffrey E. Fogel, 913 W. Jefferson Street, Charlottesville, Virginia, 22902, jeff.fogel@gmail.com, Attorney for Plaintiff.

                                                                          s/Laura Maughan<br>
                                              Laura Maughan, VSB#87798<br>
                                              Assistant Attorney General